UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KORTEZ KING,

        Petitioner,                            Case Number 18-10718
                                                              Honorable David M. Lawson

v.

JODI DEANGELO-KIPP,

        Respondent,
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

      Kortez King pleaded guilty in August 2010 to assaulting a prison employee and was sentenced to a prison term in November of that year. He did not file a timely direct appeal. He attempted to invoke his appellate remedies five years later, but the state appellate court rejected his filing as coming too late. Because his recent habeas corpus petition challenging his assault conviction likewise was filed out of time, the Court will dismiss it upon summary review. *See* Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring the Court to review promptly a habeas corpus petition when it is filed, and dismiss it if it plainly appears from the face of the petition that the petitioner is not entitled to habeas corpus relief).

I.

      King is serving his sentence at the Woodland Center Correctional Facility in Whitmore Lake, Michigan. In his petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254, he alleges that he was convicted after pleading guilty in the Ionia County, Michigan circuit court of assault of a prison employee. He tendered his plea on August 31, 2010 and was sentenced on November 5, 2010 to one to five years in prison.

King did not attempt to appeal his conviction until sometime in 2015. The Michigan Court of Appeals dismissed the appeal on July 5, 2016, because King's application for leave to submit a delayed appeal was not filed within the time period specified by Michigan Court Rule 7.205(G)(3) (2011), which sets a six-month time limit for filing delayed appeals. *People v. King,* No. 333438 (Mich. Ct. App. July 5, 2016). When Kings was sentenced, the time limit was one year. *See* Mich. Ct. Rule 7.205(F)(3) (2008). The version of the rule in effect does not matter, since King's filing was late even under the longer deadline. There is no indication that King attempted to file an application for leave to appeal to the Michigan Supreme Court.

On September 1, 2016, King filed a post-conviction motion for relief from judgment in the trial court, which was denied. *People v. King,* No. 10-14872 (Ionia Cty. Cir. Ct. Nov. 20, 2017). He has not yet filed an appeal from the denial of that motion, although he says that he plans to do so.

The petition for a writ of habeas corpus was filed in this Court on March 1, 2018. The petition is difficult to understand, but King appears to argue that he is mentally ill, he is the victim of retaliation at the prison where he is incarcerated, he was not provided witnesses at the sentencing hearing, and his trial counsel was ineffective. King also included statements that might suggest an argument that his guilty plea was coerced and that he was not mentally competent to plead.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became effective on April 24, 1996 and governs the filing date for this action because the petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought

by prisoners challenging state court judgments. *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one-year statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A habeas petition filed outside the prescribed time period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (case filed 13 days after limitations period expired dismissed for failure to comply); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

King's conviction became final on November 5, 2011, upon the expiration of the time within which he could apply for a delayed appeal. *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012) (petitioner's conviction became final when the time for seeking review under Mich. Ct. R. 7.205(F)(3) (2008) expired); *see also Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) (when a petitioner does not seek review in a state's highest court, the judgment becomes final when the time for seeking such review expires). His deadline under 28 U.S.C. § 2244(d)(1)(A) for filing his habeas petition in this Court therefore was November 5, 2012.

It is well accepted that "[t]he limitation period is tolled . . . during the pendency of 'a properly filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim.'" *Wall v. Kholi*, 562 U.S. 545, 550-551 (2011) (quoting 28 U.S.C. § 2244(d)(2)). That does not help King, however, because he did not file his post-conviction motion before the one-year limitation period expired. A state court post-conviction motion that is filed after the limitations period expires cannot toll that period because there is no period remaining to be tolled. *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

King's attempt in 2015 to file a delayed application for leave to appeal in the Michigan Court of Appeals does not change things. That court, applying the rule in effect at the time — Mich. Ct. Rule 7.205(G)(3) (2011) — rejected the appeal because it was untimely by four years. Where the time to file an appeal in the state courts has expired, filing a delayed application for leave to appeal does not reset or postpone the commencement of the one-year limitations period. *Searcy*, 246 F.3d at 516, 519.

The petition includes an allegation that prison officials retaliated against King and placed him in administrative segregation. King does not suggest, however, that his custodians interfered with his ability to submit a timely appeal or created an impediment to filing his habeas petition. *See* 28 U.S.C. § 2244(d)(1)(B). The cases applying subsection (d)(1)(B) "have dealt almost entirely with the conduct of prison officials who interfere with inmates' ability to prepare and to file habeas petitions by denying access to legal materials." *Shannon v. Newland*, 410 F.3d 1083, 1087-88 (9th Cir. 2005). Typical conditions of prison life, however, do not constitute an unconstitutional state-created impediment. *See, e.g.*, *Maclin v. Robinson*, 74 F. App'x 587, 589 (6th Cir. 2003) (limited access to prison law library does not constitute a state impediment). Moreover, the claimed

impediment must have actually prevented the petitioner from filing a timely petition of a known claim. *Wood v. Spencer*, 487 F.3d 1, 7-8 (1st Cir. 2007) (finding that *Brady* violation could not fairly be said to have prevented petitioner from filing timely federal habeas petition). King does not allege any facts to show that prison officials intentionally denied him access to legal materials or otherwise interfered with his ability to file timely his federal habeas petition.

AEDPA's limitations period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). But "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (adopting *Holland*'s two-part test for determining whether a habeas petitioner is entitled to equitable tolling). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). King has not offered any excuse for not pursuing his rights diligently.

King does allege in his petition that he suffers from an unspecified mental illness. Mental *incompetency* may provide a basis for equitable tolling of the AEDPA's statute of limitations. *See Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). However, the petitioner must demonstrate a "causal link" between an actual state of incompetence and the untimely filing. *Ibid.*; *see also Robertson v. Simpson*, 624 F.3d 781, 785 (6th Cir. 2010) (holding that for mental incapacity to justify equitable tolling of AEDPA's statute of limitations, "the petitioner must demonstrate that the incompetence

affected his or her ability to file a timely habeas petition"). Allegations of mental illness not amounting to incompetence are not enough. *Watkins v. Deangelo-Kipp,* 854 F.3d 846, 852 (6th Cir. 2017) (noting that "mental illness is not the same as mental incompetence").

King's showing of his mental condition consists only of a psychiatric evaluation from the Michigan Department of Corrections, Bureau of Health Care Services, dated December 5, 2017. That report does not establish mental incompetence. And because it is dated well after the one-year limitations period expired, it says nothing of King's mental state during the time he could have filed a timely habeas petition. Moreover, King has filed several collateral challenges to his conviction in the state courts as well as federal post-conviction relief while suffering from his alleged mental impairment. That undercuts any causal connection between his mental impairment and his ability to file a habeas petition timely.

Both the Supreme Court and the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). The courts, however, have set the bar high for such a showing. "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 569 U.S. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also Souter*, 395 F.3d at 590.

A qualifying claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal

insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). In keeping with the Supreme Court's pronouncements, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).

King has not satisfied any of these requirements. He has not offered any new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005). And the actual innocence exception to AEDPA's statute of limitations is particularly inapplicable here, since King pleaded guilty. *See Reeves v. Cason,* 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005).

III.

King's habeas petition also includes several challenges to the conditions of his confinement, including the allegations that prison officials wrongly placed him in segregation in prison and retaliated against him. Those contentions, however, do not attack the state court judgment that resulted in his confinement. A challenge to conditions of confinement in a state prison facility must be brought in a complaint filed under 42 U.S.C. § 1983. *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007) (citing *Austin v. Bell*, 927 F. Supp. 1058, 1066 (M.D. Tenn. 1996)). Those allegations, therefore, are not properly a part of a habeas corpus petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); see also *Hodges v. Bell,* 170 F. App'x. 389, 393 (6th Cir. 2006) (holding that challenges to conditions of confinement "fall outside of the cognizable core of habeas corpus relief").

However, mislabeled conditions-of-confinement-claims embedded in a habeas corpus petition should be dismissed from the petition without prejudice. *See Martin v. Overton,* 391 F. 3d 710, 714 (6th Cir. 2004).

IV.

The petitioner filed his habeas corpus petition after the one-year statute of limitations expired. He is not entitled to equitable tolling of the limitations period. His habeas corpus petition must be dismissed with prejudice, but the claims alleging unlawful conditions of confinement will be dismissed without prejudice.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the petitioner's Complaints about the conditions of his confinement are **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: May 14, 2018

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 14, 2018.

s/Susan Pinkowski
SUSAN PINKOWSKI